UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA CROSS-TEDESCO,  ) | |
| GARY F. SEITZ Trustee of the Bankruptcy Estate  ) | |
| of Theodore Joseph Tedesco,  ) | |
|    ) | |
| Plaintiffs,  ) | |
|    ) | |
| v.   ) | No. 1:21-cv-00626-TAB-JRS |
|    ) | |
| MAC'S CONVENIENCE STORES LLC  ) | |
|   d/b/a CIRCLE K,  ) | |
|    ) | |
| Defendant.  ) | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    Introduction**

Defendant Mac's Convenience Stores argues that it is entitled to summary judgment because Theodore Joseph Tedesco, a Plaintiff in this case at the time Defendant moved for summary judgment, failed to disclose his known claim against Defendant when he filed for Chapter 7 bankruptcy. However, in response to Defendant's summary judgment motion, Tedesco's counsel moved to substitute the Bankruptcy Trustee, Gary F. Seitz, as the real party in interest in this litigation. The Court approved this request and substituted Trustee Seitz as a Plaintiff in these proceedings in place of Tedesco[1]. [Filing No. 75.] Now that the proper real party in interest—Trustee Seitz—has been identified and named a Plaintiff in this matter, the Trustee is entitled to pursue this litigation as an asset of the estate in bankruptcy. Thus, Defendant's motion for summary judgment is denied. [Filing No. 57.]

---

[1] As discussed below, Mr. Tedesco's wife, Barbara Cross-Tedesco, is also a Plaintiff.

## II.     Background

On January 19, 2019, fuel from a gasoline hose at a Circle K gas station operated by Defendant sprayed on Tedesco, resulting in injuries. [Filing No. 57-1.] In March 2019, Tedesco consulted with an attorney at a law firm. That firm initiated a claim and began communicating with Defendant's third-party administrator. [Filing No. 57-2.] Nearly ten months later, on November 14, 2019, Tedesco filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania. [Filing No. 57-3.] As part of Tedesco's voluntary petition, he filed a Schedule 106A/B listing his assets and liabilities. [Filing No. 57-4.] Tedesco, proceeding *pro se* at that time, failed to list his claims against Defendant in his schedule of assets. [Filing No. 57-4, at ECF p. 8.] On July 23, 2020, the bankruptcy court entered an order of discharge pursuant to 11 U.S.C. § 727. [Filing No. 57-5.]

On January 15, 2021, Tedesco initiated this action in Indiana state court. [Filing No. 1.] Defendant removed the matter to this Court two months later, and on April 15, 2022, filed its motion for summary judgment. [Filing No. 57.] Counsel for the Tedesco Plaintiffs filed a response in June 2022. [Filing No. 64.] In that response, Plaintiffs' lawyers indicated that they first learned of Tedesco's bankruptcy in April 2022, when Defendant filed its motion for a status conference to extend the summary judgment deadline and, if necessary, amend the Case Management Plan. [Filing No. 64, at ECF p. 3 (citing Filing No. 54).] Plaintiffs' counsel contends that once counsel learned about Tedesco's bankruptcy, counsel promptly began investigating the circumstances and taking steps to substitute the Bankruptcy Ttrustee as the real party in interest in this matter. [Filing No. 64, at ECF p. 3.]

On May 4, 2022, the United States Trustee filed its motion to reopen Tedesco's bankruptcy case. [Filing No. 65-1.] The Court granted that motion on June 9, 2022. [Filing No.

2

65-2.] The following day, the United States Trustee reappointed Seitz as Trustee for Tedesco's bankruptcy estate. [Filing No. 65-3.] On June 13, 2022, Trustee Seitz filed in the bankruptcy court his *Application of the Chapter 7 Trustee for Authority to Employ Lance Ladendorf and Pavlack Law as Special Counsel*. [Filing No. 65-4.][2]

On June 21, 2022, in the underlying action, Plaintiffs filed a motion to substitute Trustee Seitz as the real party in interest in lieu of Tedesco. [Filing No. 69.] The Court granted this request. [Filing No. 75.] Nevertheless, Defendant continues to argue that it is entitled to summary judgment in its favor. [Filing No. 83.]

### III.  Discussion

Defendant argues that it is entitled to summary judgment in this action because Tedesco's claims are barred by his failure to disclose them in his bankruptcy action. [Filing No. 57, at ECF p. 4.] Summary judgment is appropriate where the submissions of the parties taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of demonstrating the absence of a material factual dispute, and the Court "views the evidence, and draws all reasonable inferences, in the light most favorable to the nonmoving party." *Driveline Sys., LLC v. Artic Cat, Inc.*, 936 F.3d 576, 579 (7th Cir. 2019).

---

[2] Plaintiffs have also filed a request for judicial notice of bankruptcy filings, which are attached to Plaintiffs' request. This request appears on the docket as a pending motion. [Filing No. 66.] Defendant has not objected to Plaintiffs' request. Accordingly, this request is granted.

3

### A.     The doctrine of judicial estoppel

Defendant's argument rests predominately on the fact that the bankruptcy code required Tedesco to disclose this claim on his schedule of assets, and by failing to do so, judicial estoppel bars his claim. [Filing No. 57, at ECF p. 8.] However, Tedesco is not the real party in interest in this litigation. Eleven months after Tedesco's claim accrued, he filed for bankruptcy. [Filing No. 57-3.] "Pre-bankruptcy claims are part of debtors' estates; this [] claim therefore belongs to the Trustee, for the benefit of [Tedesco]'s creditors." *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006). As a result, the real party in interest is Trustee Seitz, and the bankruptcy estate is not subject to judicial estoppel. *See, e.g., Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) ("Judicial estoppel is an equitable doctrine, and it is not equitable to employ it to injure creditors who are themselves victims of the debtor's deceit. Moreover, as a technical matter the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims, and unless the estate itself engages in contradictory litigation tactics the elements of judicial estoppel are not satisfied.").

Tedesco's counsel and Trustee Seitz have taken appropriate steps to rectify the situation. Following the filing of Defendant's motion for summary judgment, Tedesco's bankruptcy estate was reopened and the bankruptcy court reappointed Trustee Seitz. Trustee Seitz then successfully moved to substitute for Tedesco as the real party in interest in this litigation related to Tedesco's underlying injury claim. [Filing No. 75.] Seventh Circuit caselaw clarifies that a trustee is not held responsible for the mistakes or actions of a plaintiff. *See, e.g., Metrou v. M.A. Mortenson Co.*, 781 F.3d 357, 360 (7th Cir. 2015) ("The Trustee is entitled to pursue this litigation as an asset of the estate in bankruptcy. Whether or not Matichak should have disclosed the claim in bankruptcy does not matter to a suit maintained by the Trustee, who is not even

4

arguably culpable for any misconduct.  Reducing the stakes in the tort suit could injure the creditors along with the debtor.").

The analysis might be different if the claim had been abandoned by Tedesco's bankruptcy estate, but that is not the case here.  *See, e.g., Cannon-Stokes*, 463 F.3d at 448 ("But if the estate (through the trustee) abandons the claim, then the creditors no longer have an interest, and with the claim in the debtor's hands the possibility of judicial estoppel comes to the fore."); *Kumar v. Tata Consultancy Servs.*, No. 1:17-cv-1500-JMS-DML, 2018 WL 419985, at *3 (S.D. Ind. Jan. 16, 2018) (only if claim abandoned by estate and returned to debtor can judicial estoppel be considered).  Defendant relies in part on the unpublished case of *Novotny v. Plexus Corp.*, 777 Fed. App'x 164, 165 (7th Cir. 2019), *cert. denied*, 141 S. Ct. 287 (2020), *rehrng. denied*, 141 S. Ct. 2289 (2021), to argue that judicial estoppel is appropriate where the district court finds the plaintiff's omission of a claim in bankruptcy proceedings was intentional.

However, Defendant fails to note the critical difference in facts between the present situation and *Novotny*.  In *Novotny*, "[t]he trustee for Novotny's bankruptcy estate eventually abandoned the added claims, and the bankruptcy judge closed the case again." *Id*.  Here, the claim has not been abandoned by Tedesco's bankruptcy estate.  In fact, the opposite has occurred—the bankruptcy estate has been reopened specifically to pursue the claim.  [Filing No. 65-1.]  With the claim being pursued by Trustee Seitz, rather than Tedesco, judicial estoppel does not bar this litigation.  While Defendant makes many arguments surrounding whether Tedesco, as the debtor, took inconsistent positions and had an intention to deceive, his intention has no bearing on the standing of Trustee Seitz to pursue this claim on behalf of the bankruptcy estate.  The bankruptcy court is the proper forum to address questions regarding Tedesco's intentions.

5

### B. Standing

Defendant also devotes a portion of its reply brief to arguing that Plaintiffs no longer have standing to pursue their civil action against Defendant because their claims are now property of Tedesco's bankruptcy estate. [Filing No. 71, at ECF p. 12.] Thus, Defendant argues that summary judgment ought to be granted based on a lack of standing.

This argument faces several hurdles. First, Defendant raised this argument for the first time in its reply brief. "[A]rguments raised for the first time in a reply brief are waived." *Darif v. Holder*, 739 F.3d 329, 336 (7th Cir. 2014). Therefore, this argument is waived. Moreover, Defendant does not elaborate on the type of standing it contends is lacking. Plaintiffs adequately identified that Tedesco has Article III standing, and the substitution of Trustee Seitz as the real party in interest satisfies prudential standing. [Filing No. 74-1, at ECF p. 1.] Decisions from other district courts within the Seventh Circuit support the conclusion that Trustee Seitz has standing to pursue Tedesco's claims. *See, e.g., Bushberger v. Midland Credit Mgmt.*, No. 17-cv-1468, 2019 WL 2271043, at *4-5 (E.D. Wis. May 28, 2019) ("The Court of Appeals for the Seventh Circuit has made it clear that a failure to prosecute an action by the real party in interest is *not* a jurisdictional defect. . . . Bushberger was entitled to the opportunity to cure the real-party-in-interest problem."); *Stephens v. C&K Trucking, LlC*, No. 20-cv-4305, 2021 WL 4978451, at *2 (N.D. Ill. May 17, 2021) ("[T]he original complaint's failure to name the true parties in interest as plaintiffs did not create a jurisdictional problem, but merely resulted in a curable defect. And here, the original plaintiffs remedied the defect by amending the complaint to substitute the real parties in interest—the companies—as the new Plaintiffs.").

In sum, the proper solution to the standing issue was to substitute Trustee Seitz and continue the action as if it had been originally commenced by Trustee Seitz. That is precisely the

6

course of action Plaintiffs pursued. Thus, Defendant's request for summary judgment is denied on this basis as well.

### C. Barbara Cross-Tedesco's loss of consortium claim

Defendant's motion for summary judgment requests "summary judgment as to all of Plaintiff's claims and dismissing this action with prejudice and with costs awarded to Defendant." [Filing No. 57, at ECF p. 9.] The motion does not articulate any basis for obtaining judgment against Barbara Cross-Tedesco's claim for loss of consortium. Defendant later argues in its reply brief that Cross-Tedesco's loss of consortium claim is also invalid "on the same grounds" as Theodore Tedesco's claims due to Tedesco lacking standing. [Filing No. 71, at ECF p. 15.] However, as noted above, Trustee Seitz is not barred by judicial estoppel and can continue to pursue the underlying injury claim on behalf of the bankruptcy estate. Thus, there is similarly no basis to dismiss Cross-Tedesco's claim on summary judgment.

## IV. Conclusion

For these reasons, Defendant's motion for summary judgment [Filing No. 57] is denied, and Plaintiffs' request to take judicial notice of bankruptcy filings [Filing No. 66] is granted. This matter remains set for a final pretrial conference at 1:30 p.m. on November 7, 2022, and a two-day jury trial on damages only beginning at 9 a.m. November 17, 2022.

Date: 9/15/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email